# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JASON M. TATUM, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-112 (MTT) |
| SUPERIOR COURT, | ) |
| Defendant. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends that Plaintiff Jason M. Tatum's complaint be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Court's order. Doc. 14 at 2-3. Tatum has objected to the recommendation and has also moved for an extension of time to file a recast complaint and for counsel to be appointed. Doc. 15. Pursuant to 28 U.S.C. § 636(b)(1), the Court has performed a de novo review of the portions of the recommendation to which Tatum objects and, for the reasons stated herein, **ADOPTS** that recommendation. Additionally, Tatum's motion for extension of time to file a recast complaint is **DENIED**, and his motions to proceed *in forma pauperis* (Doc. 6) and to appoint counsel (Doc. 16) are **DENIED as moot**.

Tatum moved for leave to proceed IFP on May 17, 2017. Doc. 6. Accordingly, the Magistrate Judge attempted to screen Tatum's complaint pursuant to 28 U.S.C. § 1915(a) to ensure he stated a claim for relief. *See* Doc. 7. However, from Tatum's complaint, the Magistrate Judge could not determine if Tatum wished to pursue a civil

rights claim under 28 U.S.C. § 1983 or if he intended to file a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *Id.* at 1-2.  Accordingly, the Magistrate Judge ordered Tatum to file a recast complaint or a habeas corpus petition and to fill out the applicable forms, which the Magistrate Judge instructed the Clerk to send to Tatum.  *Id.*  Tatum was then granted two extensions of time to recast his complaint.  Docs. 8; 10.  On January 2, 2018, Tatum was ordered to show cause why his complaint should not be dismissed for failure to comply with the Court's order.  Doc. 12.  In response, rather than file a recast compliant or a habeas petition, Tatum again moved for an extension of time, stating he could not comply with the order due to the "disability, hardship and nuisance of incarceration."  Doc. 13 at 2.  The Magistrate Judge denied that motion and now recommends that Tatum's complaint be dismissed for failure to comply with the Court's orders.  Doc. 14 at 2.

In his objection, Tatum again argues that he cannot comply with the Court's orders because he is incarcerated and, specifically, because he does not have access to "stationary provisions."  Doc. 18 at 1.  The Court notes this has not prevented Tatum from filing three motions for extension of time.  Docs. 8; 10; 13.  Moreover, Tatum states that he is "now ready to file recast complaint" but, instead of filing his recast complaint, requests an additional six months to do so.  Doc. 15 at 3.  This motion for extension of time is **DENIED**.  The Court has reviewed both the recommendation and Tatum's objection, and the Court adopts the findings, conclusions, and recommendations of the Magistrate Judge.

Accordingly, the recommendation (Doc. 14) is **ADOPTED** and made the order of this court, and Tatum's complaint is **DISMISSED without prejudice** for failure to

comply with the court's order.[1] Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). Tatum's motion for extension of time, stated in his objection, is **DENIED**, and, moreover, his motions to proceed IFP (Doc. 6) and for appointment of counsel (Doc. 16) are **DENIED as moot**.[2]

**SO ORDERED,** this 21st day of February, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT

---

[1] From the record, the Court cannot determine if the applicable statute of limitations has run or is about to run on Tatum's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). But even if dismissal here were effectively with prejudice, that would be appropriate because, as established herein, there is a "a clear record of delay or willful misconduct" and "lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted); *see also Hickman v. Hickman*, 563 F. App'x 742 (11th Cir. 2014) (upholding sua sponte dismissal with prejudice for failure to respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862 (11th Cir. 2008) (same).

[2] Notwithstanding dismissal of Tatum's complaint, his motion for appointment of counsel is due to be denied because he has not established that the issues in this case are factually nor legally complex. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("Appointment of counsel in a civil case is not a constitutional right.").